ADELIA B. DAVIES, Appellant, v. R. A. KENT.

**Malicious prosecution:** CIVIL LIABILITY: EVIDENCE. An action for malicious prosecution based upon a charge of lewdness will not lie against a defendant who had nothing to do with filing the information charging plaintiff with the crime, issuance of the warrant or with the prosecution of the action, and whose only connection therewith was in watching plaintiff's premises for the purpose of obtaining evidence to counteract a rumor that defendant himself was unduly intimate with plaintiff.

*Appeal from Mahaska District Court.*—HON. K. E. WILLCOCKSON, Judge.

SATURDAY, FEBRUARY 19, 1910.

THIS action was instituted against R. A. Kent, George Andrews, and others to recover damage for malicious prosecution upon a charge of lewdness. Before trial the action was dismissed as to the other defendant, but continued as against Kent and Andrews, each of whom filed answers denying the allegations of the petition, and setting up matters of defense. At the conclusion of the evidence, each of the defendants asked a directed verdict in his favor. The court directed a verdict in favor of defendant Kent, and submitted the case as against Andrews to the jury, with the result that a verdict against Andrews was returned for the sum of $500. From the judgment in favor of Kent on the directed verdict, plaintiff appeals.—*Affirmed.*

*L. T. Shangle, John N. McCoy,* and *S. V. Reynolds,* for appellant.

*J. F. & W. R. Lacey* and *Burrell & Devitt,* for appellee.

McCLAIN, J.—Defendant, Kent, was a member of the board of trustees of the Methodist Church in Oskaloosa, and plaintiff was in the employ of the board as chorister of the church. Complaints were made to the pastor and some members of the board relating to alleged conduct of plaintiff indicating lack of chaste character or at least lack of propriety of conduct in her relations with men. These charges were such as to indicate that plaintiff was having improper relations with this defendant, and he engaged actively with others in spying upon plaintiff to determine who visited her rooms after night. The object of the others, no doubt, was to determine the propriety of the conduct of plaintiff as to men in general, but defendant's particular object was to exonerate himself from suspicion that he sustained improper relations with the plaintiff. On one occasion defendant and another trustee went to a justice's office, and defendant asked the justice what the crime would be "if a married man would go to a single woman's rooms situated on a second floor," and the justice replied that it would depend on the circumstances. Defendant did not specify the plaintiff nor the location of the rooms referred to. The justice suggested that an information must be sworn to by some one in order to institute a prosecution, and the conversation was continued between defendant and his fellow trustee and Andrews, who was the constable. It does not appear from the testimony of Andrews that defendant Kent at this time or any other suggested the filing of an information against the plaintiff, or that he knew of any intention on the part of Andrews to file such an information. An-

drews did, in fact, swear to the information on which this suit is based and filed it with the justice, who issued a warrant for the arrest of plaintiff on the charge of lewdness with "John Doe," and it appears that everybody concerned proceeded to interest himself in finding out who the John Doe thus referred to actually was. The only other evidence relied upon for plaintiff as tending to connect defendant, Kent, with the prosecution, was the testimony of Andrews that he subsequently went to the rooms of plaintiff at Kent's request, and that he would not have gone on that occasion if Kent or some one else had not come after him. It appears, however, without question that Andrews had actively concerned himself in watching plaintiff's rooms, and that, although he may have had the warrant with him when he went there at Kent's request, no arrest was in fact made. As a matter of fact, plaintiff was never arrested, but some time after the issuance of the warrant, and without any effort having been made to serve it, plaintiff's lawyers appeared before the justice and insisted that the case be prosecuted, and thereupon plaintiff appeared before the justice in answer to the warrant and gave bond. The proceeding was then dismissed.

Without now discussing the question whether an action for malicious prosecution will lie where there has been no arrest nor attempt to make arrest, it is sufficient to say that the evidence shows no malicious prosecution of plaintiff by defendant, Kent, or through his procurement. It does not appear that the information was filed by Andrews at the suggestion of Kent, or that the latter ever took any steps to have the case prosecuted or the warrant served. Indeed, it does not appear that he ever desired any of these steps to be taken. His concern was to have such investigation made by his associates that he should be exonerated from the suspicion cast upon him by ascertaining what, if any, man was visiting plaintiff in her rooms at night, and there is no showing whatever

that he desired or attempted to procure such an investigation to be made by means of a prosecution of plaintiff for lewdness.

Under the evidence presented in the record, we are satisfied that the trial court properly sustained defendant's, Kent's, motion for a directed verdict in his favor.

Appellee's motion, submitted with the case to strike an amendment to appellant's argument, is overruled. The judgment is *affirmed*.